# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

RACING OPTICS, INC., a Nevada corporation,

    Plaintiff,

vs.

AEVOE CORP. d/b/a MOSHI, a California corporation,

    Defendant.

Case No. 2:15–cv–1774–RCJ–VCF

**ORDER**

MOTION TO COMPEL (DOC. #45)

    This matter involves Plaintiff Racing Optics patent infringement action against Defendant Aevoe Corp. Before the court are Racing Optics' motion to compel (Doc. #45), Aevoe's response (Doc. #49), and Racing Optics' reply (Doc. #55). The court held a hearing at 11:00 a.m. on April 13, 2016. For the reasons stated below, Racing Optics' motion to compel is granted in part and denied in part.

## I. Background

    In September 2015, Plaintiff Racing Optics sued Defendant Aevoe for patent infringement. (Doc. #1). Racing Optics alleges that sixty five of Aevoe's products (hereafter "the Accused Products") infringe on three of Racing Optics' patents (hereafter "the Asserted Patents"). (*Id.*). Aevoe contends that none of the Accused Products infringe on Racing Optics' Asserted Patents. Aevoe also alleges that Racing Optics' Asserted Patents are invalid as Racing Optics copied language from Aevoe's Patent No. 8,044,942 (hereafter "Patent '942") when it applied for the Asserted Patents. (Doc. #15).

    Racing Optics served Aevoe with its first set of interrogatories and its first set of requests for production. Aevoe objected to Racing Optics' interrogatories on the grounds that the number of interrogatories served exceed the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33. (Doc. #45-4). Aevoe also refused to produce responsive documents in response to eleven

of Racing Optics' requests for production. (Doc. #45-5). Racing Optics' now moves to compel Aevoe to answer Racing Optics' interrogatories and produce documents responsive to Racing Optics' request for production. (Doc. #45).

## II. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The motion may be made if: … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents … as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(ii),(iv).

## III. Discussion

The parties present three issues: (1) whether Aevoe must produce documents pursuant to Local Rule 16.1-9, (2) whether Aevoe must respond to Racing Optics' interrogatories, and (3) whether Aevoe must produce documents responsive to Racing Optics' requests for production (hereafter "RFPs").[1]

/// /// ///

---

[1] At the hearing, Racing Optics represented that could not agree on whether Aevoe's expert witness should be allowed to testify at the claim construction hearing. (Doc. #62); (Doc. #63). At the appropriate time, the parties may present this issue in a motion to the district judge.

1.     Aevoe Must Submit a Declaration That Describes Its Search Efforts Regarding Documentation That Aevoe Contends is Not in its Possession, Custody, or Control

"[E]ach party defending against patent infringement shall also produce to each opposing party or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant." LR 16.1-9(a).

"The responding party must then make a reasonable inquiry to determine whether responsive documents exist." *Am. General Ins. Co. v. Vistana Condominium Owners Ass'n.*, Case No. 2:12-cv-1324-JAD-NJK, 2014 WL 910350 at* 2 (D. Nev. March 7, 2014). "A reasonable inquiry requires, 'at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party].'" *EnvTech, Inc. v. Suchard*, Case No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at* 5 (D. Nev. Sept. 11, 2013).

If the responding party asserts that the requested documents do not exist, the "[responding] party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Vistana*, 2014 WL 910350 at* 2. "Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive document." *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

Here, Aevoe must submit a declaration that describes its efforts to search for documents that are subject to Local Rule 16.1-9(a)'s disclosure requirement. Racing Optics argues that Aevoe failed to comply with Local Rule 16.1-9(a)'s disclosure requirement, and that Aevoe is withholding additional documents. (Doc. #45). Aevoe maintains that additional documents are not in Aevoe's possession, custody, or control. (Doc. #49). Aevoe must submit a declaration that describes its efforts to search for

documents that are subject to Local Rule 16.1-9(a)'s disclosure requirement. *See Vistana*, 2014 WL 910350 at* 2; *see also EnvTech, Inc.*, 2013 WL 4899085 at* 5.

2.  <u>Aeveo Will Be Required to Respond to Interrogatories No. 4 Through No. 9</u>

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1).

"[S]ubparts of an interrogatory are to be counted as part of one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Phillips v. Clark Cty. Sch. Dist.*, Case No. 2:10-CV-02068-GMN-GWF, 2012 WL 135705, at* 6 (D. Nev. Jan. 18, 2012).

The "test to determine whether subparts are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. If the question in the subpart can be answered independently of the 'primary' question, then it should be treated as a separate interrogatory." *Id.*

### i. *Interrogatory No. 1 is Two Separate Interrogatories*

Interrogatory No. 1 asks, "Describe in detail when and the circumstances, including, but not limited to the IDENTITY of the PERSONS involved, dates, and ANY DOCUMENTS generated, through which AEVOE first learned of the existence of each of the ASSERTED PATENTS and the existence of the patent applications that were eventually granted as the ASSERTED PATENTS."

Interrogatory No. 1 consists of two interrogatories. Aevoe likely required separate sets of information to respond to Racing Optics' inquiry about the Asserted Patents and the Asserted Patent applications.

### ii. *Interrogatory No. 2 is Twenty Separate Interrogatories*

Interrogatory No. 2 asks, "Separately for each of AEVOE's affirmative defenses as set forth in AEVOE's ANSWER AND COUNTERCLAIMS, describe in detail all factual and legal bases, including

4

identification of DOCUMENTS supporting or denying each affirmative defense and counterclaim and the IDENTITY of individuals with knowledge of such defense(s)."

Interrogatory No. 2 consists of twenty separate interrogatories.  Racing Optics requested information about Aevoe's ten affirmative defenses.  Aevoe was likely required to use separate sets of information to identify documents that support Aevoe's defenses and to identify individuals who had knowledge of Aevoe's defenses.  Two separate inquires for each of Aevoe's ten affirmative defenses equal twenty separate interrogatories.

      iii.  *Interrogatory No. 3 is Three Separate Interrogatories*

Interrogatory No. 3 asks, "IDENTIFY the following information relating to AEVOE'S screen protectors, including but not limited to AEVOE'S ACCUSED PRODUCTS used, sold, offered for sale, advertised, marketed, exported and/or imported by AEVOE within the United States: a. Product name, model or part number, serial number, and/or any internal designation for the ACCUSED PRODUCTS; b. Manufacturing and/or assembly location(s) of and manufacturing dates for the ACCUSED PRODUCTS."

Interrogatory No. 3 consists of three separate interrogatories.  Racing Optics' requested information about: (1) Aevoe's manufacturing process; (2) Aevoe's marketing strategy; and (3) Aevoe's sales data.  Since Aevoe would likely need to gather the manufacturing, marketing, and sales information for each Accused Product from different sources, the court will consider Interrogatory No. 3 to be three separate interrogatories.

Racing Optics' Interrogatories No. 1 through No. 3 constitute twenty five separate interrogatories.  As Racing Optics has asked the maximum number of interrogatories permitted by Rule 33, the company requires leave of the court to serve Interrogatories No. 4 through No. 9.  The court is convinced that Interrogatories 4 through 9 seek relevant information and will permit Racing Optics to

ask Interrogatories No. 4 through No. 9.[2] Racing Optics must seek leave of the court if it wishes to ask additional interrogatories.

3.  <u>Aevoe Will Be Required to Produce Documents Responsive to Certain RFPs</u>

Racing Optics moves to compel responses to fourteen RFPs. As to eleven RFPs, Aevoe refused to provide responsive documents. For the remaining three RFPs, Aevoe produced a spreadsheet. Racing Optics argues that the spreadsheet is unresponsive. Each contested RFP is addressed below.

      i.     <u>RFP 1</u>: "ANY DOCUMENTS referenced, identified, reviewed, and/or relied upon by AEVOE in responding to interrogatories propounded by RACING OPTICS in this matter. Case No. 2:15-cv- 01774."

Aevoe's objections to RFP 1 are overruled. As the court previously discussed, Racing Optics will be permitted to ask Interrogatories No. 4 through No. 9. Accordingly, Aevoe will be required to produce the documents it used to answer Interrogatories No. 1 through No. 9.

      ii.     <u>RFP 5</u>: "ANY DOCUMENTS relating to screen protectors designed, researched, developed, manufactured, marketed, sold, and/or licensed by AEVOE, including, but not limited to such DOCUMENTS relating to the ACCUSED PRODUCTS."

Aevoe's overbreadth objection to RFP 5 is sustained in part. Documents that describe the development, manufacture, marketing, sale, and licensing of the Accused Products are relevant to Racing Optics' damages claims. Documents related to the non-Accused Products are irrelevant to any claim or defense in this lawsuit. Aevoe will be required to produce documents related to the Accused Products.

      iii.    <u>RFP 6</u>: "ANY DOCUMENTS referencing any INTELLECTUAL PROPERTY of

---

[2] Racing Optics is permitted to ask Interrogatories No. 4 through No. 9, even if Aevoe believes that Interrogatories No. 4 through No. 9 contain subparts that should be counted as separate interrogatories.

AEVOE, including but not limited to DOCUMENTS relating to patents and patent applications assigned to or otherwise owned by AEVOE."

Aevoe's overbreadth objections RFP 6 are sustained in part.  Documents that describe the content of Patent '942 are relevant to Aevoe's fraud on the patent office defense.  Documents that describe other patents owned by Aevoe are irrelevant to any claim or defense in this lawsuit.  Aevoe will be required to produce documents that describe the content of Patent '942.

    iii. *RFP 7*: "ANY DOCUMENTS referencing the conception and reduction to practice of any invention claimed in any patents and/or patent applications assigned to or otherwise owned by AEVOE that AEVOE believes covers any of the ACCUSED PRODUCTS, including but not limited to such DOCUMENTS relating to U.S. Patent No. 8,044,942."

*RFP 8*: "ANY DOCUMENTS relating to the prosecution of U.S. Patent No. 8,044,942 including but not limited to the prosecution file history and the reexamination file history."

Aevoe's relevance objections to RFP 7 and RFP 8 are sustained.  Aevoe alleges that Racing Optics impermissibly copied Patent '942.  Information about the development and patent prosecution history of Patent '942 is irrelevant to Aevoe's fraud on the patent office defense.  Aevoe will not be required to produce documents responsive to RFP 7 or RFP 8.

    iv. *RFP 11*: "ANY DOCUMENTS referencing the market share of AEVOE and competitive in the screen protector both in the United States and international markets, including but not limited to the market share for the ACCUSED PRODUCTS."

>  *RFP 17*: "For each customer identified in response to Request for Production No. 17, ANY DOCUMENTS that identify sales or potential sales of all AEVOE's screen protectors that have a nexus with the United States, including but not limited to AEVOE's ACCUSED PRODUCTS to that customer or distributor."

Aevoe's vague and ambiguous objections to RFP 11 and RFP 17 are sustained. The phrase "market share of AEVOE and competitive in the screen protector" in RFP 11 is incomprehensible. It is unclear whether Racing Optics seeks information about Aevoe's competitors or Aevoe's share in competitive markets. The tern "nexus with the United States" in RFP 17 is vague. It is unclear how substantial a connection to the United States must be before such connection is considered a "nexus." Aevoe will not be required to produce documents responsive to RFP 11 or RFP 17.

>  v.  *RFP 18*: "ANY technology license agreements, negotiating documents, and royalty reports, including but not limited to ANY patent license agreements, including but not limited to ANY license agreements, negotiating documents, and royalty reports related to U.S. Patent No. 8,044,942 or other INTELLECTUAL PROPERTY right associated with the ACCUSED PRODUCTS, and ANY DOCUMENTS related to such license agreements, negotiating documents, and royalty reports, entered into by AEVOE with ANY PERSON.

Aevoe's objections to RFP 18 are overruled. Documents that describe the profits Aeveoe derived from the Accused Products are relevant to Racing Optics' damages claims. Aevoe will be required to produce documents responsive to RFP 18.

>  vi.  *RFP 25*: "ANY DOCUMENTS produced by AEVOE in all previous litigations where AEVOE was asserting U.S. Patent No. 8,044,942 including but not limited to *Aevoe* Case 2:15-cv-01774-RCJ-VCF Document 45-3 Filed 02/01/16 Page 10

of 14 *Corp. v. Splash Products LLC*, No. CV 11-06165 MEJ (N.D. Cal. Dec. 7, 2011); *Aevoe Corp. v. AE Tech Co. Ltd.,* No. CV 11-06164 HRL (N.D. Cal. Dec. 7, 2011); *Aevoe Corp. v. AE Tech Co. Ltd. et. Al*, No. CV 12-00053 GMN (D. Nev. Jan. 1, 2012); *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.,* No. CV 12-00054 GMN (D. Nev. Jan. 11, 2012); *Aevoe Corp. v. PhoneDevil Ltd.,* No. CV 12-00514 GMN (D. Nev. Mar. 27, 2012); *Aevoe Corp. v. Fellowes, Inc.,* No. CV 13-00037 GMN (D. Nev. Jan. 9, 2013); *Aevoe Corp. v. Case-Mate, Inc. et al.,* No. 13-014777 (D. Nev. Aug. 16, 2013); *Aevoe Corp. v. BodyGuardz LLC,* No. 13-02151GMN (D. Nev. Nov. 20, 2014); and *Aevoe Corp. v. i-Blason LLC,* No. CV 15-00149 RFB (D. Nev. Jan. 26, 2015)."

<u>*RFP 26*</u>: "ANY DOCUMENTS related to the validity and/or infringement of U.S. Patent No. 8,044,942 produced by AEVOE in all previous litigations where AEVOE was asserting U.S. Patent No. 8,044,942 including but not limited to the case captions referenced in REQUEST FOR PRODUCTION NO. 25."

<u>*RFP 27*</u>: "ANY DOCUMENTS related to damages caused by the infringement of U.S. Patent No. 8,044,942 produced by AEVOE in all previous litigations where AEVOE was asserting U.S. Patent No. 8,044,942 including but not limited to the case captions referenced in REQUEST FOR PRODUCTION NO. 25."

Aevoe's "piggyback" objections to RFP, 25, RFP 26, and RFP 27 are sustained. Racing Optics "must specifically ask for the documents he wants and be able to demonstrate that the information he seeks is relevant to his claims in this case." *Chen v. Ampco Sys. Parking*, Case No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at \*3 (S.D. Cal. Aug. 14, 2009). The fact that Aevoe "produced certain

documents in the [other] cases does not necessarily make them discoverable in this case." *Id.* Aevoe will not be required to produce documents responsive to RFP 25, RFP 26, and RFP 27.

                vii.     RFP 12, RFP 16, and RFP 21

Racing Optics' request to compel the production of documents responsive to RFP 12, RFP 16, and RFP 21 is granted. RFP 12, RFP 16, and RFP 21 seek information about the profits Aevoe derived from the Accused Products. In response to RFP 12, RFP 16, and RFP 21, Aevoe produced a spreadsheet. Aevoe asserted that the spreadsheet is responsive to the aforementioned RFPs, but Racing Optics contends that the spreadsheet is incomprehensible.

The failure to file points and authorities in opposition to a motion constitutes consent to a granting of the motion. LR 7-2(d). Aevoe did not object to Racing Optics' request for documents responsive to RFP 12, RFP 16, and RFP 21. (Doc. #49). Racing Optics' request for documents responsive to RFP 12, RFP 16, and RFP 21 is granted.

4.     Aevoe Must Produce Responsive Documents Regarding the Accused Products, the Asserted Patents, or Patent '942, Regardless of When the Responsive Documents Were Created

Racing Optics alleges that Aevoe is improperly withholding responsive documents, which pre-date March 10, 2015.[3] Aevoe contends that it is not withholding document based on an allegedly arbitrary temporal limitation, rather Aevoe asserts that Racing Optics requested documents related to non-Accused Products or non-Asserted Patents. In order to address Racing Optics' allegations, Aevoe will be required to serve on Racing Optics a declaration that states that Aevoe is not withholding documents based solely on the date the document was created.

ACCORDINGLY, and for good cause shown,

---

[3] Racing Optics acquired the first Asserted Patent on March 10, 2015.

IT IS HEREBY ORDERED that Racing Optics motion to compel (Doc. #45) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that, on or before April 29, 2016, Aevoe must serve on Racing Optics a declaration that describes Aevoe's efforts to search for documents that are subject to Local Rule 16.1-9(a)'s disclosure requirement.  The declaration must be prepared and signed by one of Aevoe's officers, directors, or managing agents.  The declaration must state the Aevoe is not withholding any discovery based solely on the date that responsive information was created.

IT IS FURTHER ORDERED that on or before, April 29, 2016, Aevoe must provide Racing Optics with supplemental responses to Interrogatories No. 4 through No. 9.

IT IS FURTHER ORDERED that:

    a.    In response to RFP 1, Aevoe will be required to produce the documents it used to answer Interrogatories No. 1 through No. 9.

    b.    In response to RFP 5, Aevoe will be required to produce documents related to the Accused Products.

    c.    In response to RFP 6, Aevoe will be required to produce documents which describe the content of Patent '942.

    d.    In response to RFP 12, RFP 16, RFP 18, and RFP 21, Aevoe must produce responsive documents.

    d.    Aevoe must serve copies of responsive documents on Racing Optics on or before April 29, 2016.

IT IS FURTHER ORDERED that Aevoe's objections to RFP 7, RFP 8, RFP 11, RFP 17, RFP 25, RFP 26, and RFP 27 are SUSTAINED.  Aevoe is not required to produce documents responsive to the aforementioned RFPs.

IT IS FURTHERED ORDERED that, at the appropriate time, the parties may request that the district judge resolve the expert witness testimony issue presented in their claim construction statements (Doc. #62); (Doc. #63).

IT IS SO ORDERED.

DATED this 19th day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE