1   **SNELL & WILMER** L.L.P.
    Chad R. Fears
2   Nevada Bar No. 6970
    Kelly H. Dove
3   Nevada Bar No. 10569
    3883 Howard Hughes Parkway #1100
4   Las Vegas, Nevada  89169
    Telephone: (775) 785-5206
5   Telephone: (775) 785-5286
    Email: cfears@swlaw.com
6            kdove@swlaw.com

7   **KILPATRICK TOWNSEND & STOCKTON LLP**
    Joshua Pond (Pro Hac Vice)
8   Akarsh P. Belagodu (Pro Hac Vice)
    Suite 900, 607 14th Street, NW
9   Washington, DC  20005
    Telephone: (202) 508-5854
10  Telephone: (202) 508-5853
    Email: jpond@kilpatricktownsend.com
11  Email: abelagodu@kilpatricktownsend.com

12  Steven Moore (Pro Hac Vice)
    Eighth Floor, Two Embarcadero Center
13  San Francisco, CA 94111
    Telephone: (415) 273-4741
14  Email: smoore@kilpatricktownsend.com

15  Megan E. Bussey (Pro Hac Vice)
    The Grace Building
16  1114 Avenue of the Americas
    New York, NY 10036
17  Telephone: (212) 775-8708
    Email: mbussey@kilpatricktownsend.com
18
    William E. Mosley (Pro Hac Vice)
19  Norris P. Boothe (Pro Hac Vice)
    1080 Marsh Road
20  Menlo Park, CA 94025
    Telephone: (650)324-6364
21  Telephone: (650) 462-5305
    Email: wmosley@kilpatricktownsend.com
22  Email: nboothe@kilpatricktownsend.com

23  **HIGGINS BENJAMIN, PLLC**
    Kenneth Gumbiner (Pro Hac Vice)
24  101 West Friendly Avenue, Suite 500
    Greensboro, NC  27401
25  Telephone: (336) 808-8012
    Email: kgumbiner@greensborolaw.com
26
    *Attorneys for Plaintiff*
27  *RACING OPTICS, INC.*

28

*Snell & Wilmer*
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RACING OPTICS, INC., a Nevada
corporation,

    Plaintiffs,

vs.

AEVOE CORP.
d/b/a MOSHI, a California corporation,

    Defendant.

Case No.:   2:15-cv-01774-RCJ-VCF

**AMENDED COMPLAINT FOR
PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff Racing Optics, Inc. ("Racing Optics") brings this Complaint for Patent Infringement against Defendant Aevoe Corp., doing business as Moshi Corp. ("Aevoe") and alleges as follows:

1. This action for infringement of United States Patent Nos. 9,128,545, 9,104,256, 8,974,620, and 9,274,625 arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271 and 281-285.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Since its founding in 1999, Racing Optics has developed and delivered high-performance lens protection systems to customers around the world.  Founding brothers Bart and Steve Wilson, together with Steve's son, Seth Wilson, first pioneered laminated plastic "tear-off" protectors for high-speed racing.  Stacks of optically engineered laminated lenses were applied to race car windshields, motorcycle goggles, and racing helmet visors. The topmost layer of this stack of lenses can be torn off during a race to reveal a clean and undamaged under-layer, providing a clear, unencumbered view of the racetrack.

3. Beyond racing, Racing Optics' lens protection technology is also used in, among others, medical, military, consumer, and industrial markets. Racing Optics sells its lens protection systems, both domestically and internationally, from its headquarters in Las Vegas, Nevada. Racing Optics sells under its own brand and as an Original Equipment Manufacturer to others including 3M Company, Stryker Corporation, and Oakley Inc. Racing Optics sold over $9 Million of products in 2014 and close to $5 Million of products in the first six months of 2015.

4.   Racing Optics has applied its knowledge, experience and ability to innovate to create lens protectors suitable for use on a variety of products.  With the advent of smartphones, tablet- and laptop-computers, Racing Optics initially conceived of a screen protector that attaches with full-adhesive across the entire surface of the display, including touchscreen displays.

5.   Racing Optics then created and developed a novel "bubble-free" screen protector, to provide easier installation and better protection for displays.  Conventional full-adhesive screen protectors are a challenge to install without leaving air bubbles and other artifacts trapped between the adhesive and the screen.  By eliminating the full adhesive in the central area of the display, and spacing the bubble-free screen protector away from the display, Racing Optics created an enclosed "air bearing" between the protector and the screen to be protected.  In so doing, the "air-bearing" eliminates air bubbles and other artifacts during installation and use, as well as provides the device with protection from damage when dropped or struck.

6.   On May 14, 2010, Racing Optics sought patent protection for its new technology by filing U.S. Patent Application No. 12/780,443 (the '443 application), titled "Touch Screen Shield."  On November 1, 2011, the '443 application was published and became a matter of public record.

7.   In mid-2012, Jon Lin—President and Executive Director of Defendant Aevoe—approached Racing Optics regarding the '443 application after finding it in United States Patent and Trademark Office ("PTO") records.

8.   In connection with this inquiry from Aevoe, Racing Optics learned of the issuance of U.S. Patent No. 8,044,942 (the '942 patent), assigned—according to the patent—to Aevoe, co-invented by Mr. Lin, and claiming a bubble-free touch screen protector.  Racing Optics further learned that Aevoe had instituted a litigation campaign to enforce the '942 patent, and that the '942 patent claimed priority back to a provisional application Aevoe filed on January 18, 2011, a full eight months after Racing Optics filed its '443 application in May 2010.  By 2013, Aevoe had filed five suits against alleged infringers of its '942 patent, including three filed in this District.[1]

---

[1] *Aevoe Corp. v. Splash Products LLC,* No. CV 11-06165 MEJ (N.D. Cal. Dec. 7, 2011); *Aevoe Corp. v. AE Tech Co. Ltd.,* No. CV 11-06164 HRL (N.D. Cal. Dec. 7, 2011); *Aevoe Corp. v. AE Tech Co. Ltd. et. al,* No. CV 12-00053 GMN (D. Nev. Jan. 1, 2012); *Aevoe Corp. v. Shenzhen*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

9. Racing Optics' own '443 application issued as U.S. Patent No. 9,128,545 (the '545 patent) on September 8, 2015. The '545 patent claims Racing Optics' bubble-free touchscreen protector technology.

10. On August 11, 2015 the PTO issued U.S. Patent No. 9,104,256 (the '256 patent) to Racing Optics. The '256 patent is related to Racing Optics' '545 patent, and further claims Racing Optics' bubble-free touch screen protector technology.

11. On March 10, 2015 the PTO issued U.S. Patent No. 8,974,620 (the '620 patent) to Racing Optics. The '620 patent is related to both Racing Optics' '545 and '256 patents and includes still further claims to Racing Optics' bubble-free touch screen protector technology.

12. On March 1, 2016 the PTO issued U.S. Patent No. 9,274,625 (the '625 patent) to Racing Optics. The '625 patent is related to Racing Optics' '545, '256, and '620 patents and includes still further claims to Racing Optics' bubble-free touch screen protector technology.

13. As its patent rights were secured, Racing Optics turned its attention to selling products protected by its new patents. Racing Optics has sought and continues to seek a manufacturer willing to produce quality products at a competitive price. These attempts included contacting a manufacturer that currently manufactures other products for Racing Optics. That manufacturer, however, informed Racing Optics that it could not produce Racing Optics' bubble-free screen protector because of Aevoe's patented bubble-free screen protectors.

14. In the meantime, Aevoe has continued its litigation campaign—now numbering ten suits, with seven in this district—reaping injunctions and damages based on its '942 patent, despite Racing Optics' earlier invention of the technology. Upon information and belief, Aevoe currently dominates the U.S. bubble-free protector market with its Moshi iVisor product line, a significant component of its $146 million in annual worldwide production of touchscreen protectors. Yet, as described in this complaint, the iVisor products infringe Racing Optics '545, '256, '620, and '625 patents.

///

_Membrane Precise Electron Ltd.,_ No. CV 12-00054 GMN (D. Nev. Jan. 11, 2012); _Aevoe Corp. v. PhoneDevil Ltd.,_ No. CV 12-00514 GMN (D. Nev. Mar. 27, 2012).

- 4 -

15. Aevoe's accused iVisor products rely on Racing Optics' patented technology; yet Aevoe is not authorized to practice any of Racing Optics' patent claims.

16. Aevoe is well aware that it has been engaging in and continues to engage in the unauthorized practice of Racing Optics' patented inventions.  As described throughout this complaint, Aevoe acted willfully with respect to the '545, '256, '620, and '625 patents in light of its knowledge of the '443 application since at least mid-2012 when Aevoe executive Jon Lin contacted Racing Optics about that application.  At the very least, since its discovery of the '443 application Aevoe acted with willful blindness to the '256, '620, and '625 patents which are all related to and claim priority to the '443 application.  As shown in this complaint, Aevoe's past and continuing patent infringement has been willful.

17. As described further throughout this complaint Aevoe competes with Racing Optics, and Racing Optics has not licensed its '545, '256, '620, and '625 patents to any competitors.

18. In this suit, Racing Optics seeks to enjoin Aevoe and its infringing iVisor products, and to recover damages for Aevoe's infringement.

## PERSONAL JURISDICTION AND VENUE

19. This Court has personal jurisdiction over Aevoe.  Aevoe has consented to personal jurisdiction here by previously selecting this Court in which to file at least seven other lawsuits, all related to the technology at issue in the present Complaint.[2]

20. Additionally, this Court has personal jurisdiction over Aevoe because it conducts business within the State of Nevada.  Upon information and belief, Aevoe, directly or through subsidiaries or intermediaries (including distributors, retailers and others), ships, distributes, offers for sale, sells, designs, manufactures, and advertises products and/or services that directly and/or indirectly infringe the '545, '256, '620, and '625 patents in the District of Nevada.  Aevoe, directly and

---

[2] *Aevoe Corp. v. AE Tech Co. Ltd. et. al,* No. CV 12-00053 GMN (D. Nev. Jan. 11, 2012); *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.,* No. CV 12-00054 GMN (D. Nev. Jan.11, 2012); *Aevoe Corp. v. PhoneDevil Ltd.,*No. CV 12-00514 (D. Nev. Mar. 27, 2012); *Aevoe Corp. v. Fellowes, Inc.,* No. CV 13-00037 GMN (D. Nev. Jan. 9, 2013); *Aevoe Corp. v. Case-Mate, Inc. et al.,* No. 13-01477 (D. Nev. Aug. 16, 2013); *Aevoe Corp. v. BodyGuardz LLC,* No. 13-02151 GMN (D. Nev. Nov. 20, 2013); and *Aevoe Corp. v. i-Blason LLC,* No. CV 15-00149 RFB (D. Nev. Jan. 26, 2015).

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

through its subsidiaries and intermediaries, has purposefully and voluntarily placed one or more of its infringing screen protector products, as described below, into the stream of commerce with the expectation that they will be sold to and used by consumers in the District of Nevada.  These infringing screen protectors have been and continue to be purchased and used by consumers in the District of Nevada.  Aevoe has committed acts of patent infringement within the District of Nevada.

21. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Aevoe is a corporation subject to personal jurisdiction in this District and is therefore deemed to reside in this District under 28 U.S.C. §1391(c).  Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District.

## THE PARTIES

22. Plaintiff Racing Optics is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

23. Upon information and belief, Defendant Aevoe is a California Corporation with its principal place of business in Sunnyvale, California.  Aevoe designs, manufactures, uses, sells, and/or offers for sale in the United States and in this District, accessories for electronic devices, including screen protectors for cell phones, tablets, and other computing devices.

## THE ASSERTED PATENTS

24. On September 8, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,128,545 entitled "Touch Screen Shield" to inventors Stephen Wilson, Bart Wilson, and Seth Wilson.

25. Racing Optics is the owner by assignment of the '545 patent and possess all rights of recovery under the '545 patent.  A true and correct copy of the '545 patent is attached hereto as Exhibit A and incorporated herein by reference.

26. On August 11, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,104,256 entitled "Touch Screen Shield" to inventors Stephen Wilson, Bart Wilson, and Seth Wilson.

27. Racing Optics is the owner by assignment of the '256 patent and possess all rights of recovery under the '256 patent. A true and correct copy of the '256 patent is attached hereto as Exhibit B and incorporated herein by reference.

28. On March 10, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,974,620, entitled "Touch Screen Shield" to inventors Stephen Wilson, Bart Wilson, and Seth Wilson.

29. Racing Optics is the owner by assignment of the '620 patent and possess all rights of recovery under the '620 patent. A true and correct copy of the '620 patent is attached hereto as Exhibit C and incorporated herein by reference.

30. On March 1, 2016, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,274,625, entitled "Touch Screen Shield" to inventors Stephen Wilson, Bart Wilson, and Seth Wilson.

31. Racing Optics is the owner by assignment of the '625 patent and possess all rights of recovery under the '625 patent. A true and correct copy of the '625 patent is attached hereto as Exhibit F and incorporated herein by reference.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 9,128,545

32. Racing Optics repeats and realleges the allegations in the above paragraphs as though fully set forth herein.

33. Aevoe has made, used, offered for sale, sold in and/or imported into the United States screen protectors for installation on electronic devices. As relevant here, these screen protectors include at least Aevoe's various iVisor AG, iVisor XT, and iVisor Glass product offerings ("the Accused Products"). A list of Accused Products is attached hereto as Exhibit D[3] and Racing Optics reserves the right to update this list as discovery proceeds. Aevoe has directly infringed, induced infringement and/or contributed to infringement of at least claims 1, 3-5, and 7-9 of the

---

[3] Exhibit D of the Original Complaint has been updated to include only Accused Products identified Racing Optics' Initial Disclosure of Asserted Claims and Infringement Contentions pursuant to LR 16.1-6 served on Aevoe on November 23, 2015. This Amended Complaint addresses this housekeeping change to avoid any confusion.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

'545 patent[4] by testing the Accused Products, and at least encouraging and promoting the installation of the Accused Products in a manner that infringes at least claims 12, 14-16, and 18-20 of the '545 patent.  Aevoe's infringement is ongoing.

34. Upon information and belief, Aevoe knew or should have known about the '545 patent since July of 2012 when Aevoe first contacted Racing Optics regarding the '443 application which issued as the '545 patent.  Aevoe has received further notice of the '545 patent at least as of the date this lawsuit was filed.

35. Upon information and belief, Aevoe has tested the Accused Products, and in doing so has used the Accused Products in a manner that results in the infringement of at least claims 1, 3-5, and 7-9 of the '545 patent.  The installation of the Accused Products results in an infringing combination electronic device and protective shield as claimed in at least claims 1, 3-5, and 7-9 of the '545 patent.

36. Aevoe has sold and/or offered for sale the Accused Products to resellers and end-users. Aevoe actively encourages resellers and end-users to use the Accused Products in a manner that results in the infringement at least claims 1, 3-5, and 7-9 of the '545 patent.  On information and belief, Aevoe knew or should have known that the resellers and end-users using the Accused Products would directly infringe claims of the '545 patent by installing the Accused Products. On information and belief, Aevoe induced infringement in violation of 35 U.S.C. §271(b) by selling the Accused Products and encouraging installation resulting in a combination electronic device and protective shield that infringes the claims of the '545 patent, with the specific intent of encouraging end-users to infringe the claims of the '545 patent without a reasonable, good faith belief that its actions did not induce infringement.

37. Aevoe's inducement of infringement arises, at least in part, because Aevoe encourages end-users to use the Accused Products to perform a method that results in a product claimed by the '545 patent. For example, Aevoe provides instructions to manufacturers, customers, resellers

---

[4] Racing Optics listed claims 12, 14-16, and 18-20 of the '545 patent in the Original Complaint and asserted claims 1, 3-5, 7-9 in Racing Optics' Initial Disclosure of Asserted Claims and Infringement Contentions pursuant to LR 16.1-6 served on Aevoe on November 23, 2015.  This Amended Complaint addresses this housekeeping change to avoid any confusion.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

and end-use customers regarding the use and operation of the Accused Products that result in an infringing combination electronic device and protective shield.  Such instructions include at least the instructions provided for the iVisor AG for iPhone 6, iVisor XT for iPhone 6, and iVisor Glass for iPhone 6, which have been attached hereto as Exhibit E, as well as similar instructions and support documentation available on Aevoe's website[5] for other Accused Products.

38. The method of installation of the Accused Products encourages end-users to perform a method that results in a combination electronic device and protective shield by encouraging the end-user to position a screen protector that includes a film such that the film is spaced slightly apart from the screen of the electronic device, while maintaining the touch sensitivity of the screen through the shield.

39. Aevoe encourages end-users to remove the protective film from the iVisor product to expose an adhesive positioned on the outer periphery of the protective film.  Aevoe encourages the end-users to align the iVisor product with the screen of the electronic device it is being installed on (e.g., iPhone, iPad, etc.), and to gently apply pressure around the outer periphery of the iVisor product to secure it in place.

40. With these acts, Aevoe has further contributorily infringed one or more claims of the '545 patent in violation of 35 U.S.C. §271(c).  On information and belief, Aevoe knew or should have known about the '545 patent as described above.  On information and belief, Aevoe knew the Accused Products were especially made or especially adapted for use in a way that infringes at least claims 1, 3-5, and 7-9 of the '545 patent.  On information and belief, Aevoe knew each of the Accused Products were not a staple article or commodity of commerce suitable for substantial non-infringing uses.  The Accused Products have no substantial use that does not infringe the claims of the '545 patent.  On information and belief, Aevoe knew that end-users were installing the Accused Products resulting in a combination electronic device and protective shield that infringes at least claims 1, 3-5, and 7-9 of the '545 patent.  End-users have used the Accused Products in a manner that results in infringement at least claims 1, 3-5, and 7-9 of the '545 patent.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

---

[5] *See* Aevoe's website at: http://www.moshi.com/film-protectors/screen-protectors

41. Aevoe has infringed and continues to infringe the claims of the '545 patent with knowledge of Racing Optics' rights in the '545 patent.  Aevoe's acts of infringement of the '545 patent have been and continue to be willful and deliberate. On information and belief, Aevoe acted despite an objectively high likelihood that its actions constituted infringement of a valid patent claim, and knew or should have known of this objectively-defined risk of infringement. Racing Optics is entitled to increased damages under 35 U.S.C. §284 and attorneys' fees and costs under 35 U.S.C. §285.

42. Aevoe's infringement has injured Racing Optics and Racing Optics is entitled to recover damages adequate to compensate for such infringement, including lost profits, but in no case less than a reasonable royalty for Aevoe's use of the invention claimed by the '545 patent.

43. Aevoe's infringement of the '545 patent has irreparably injured Racing Optics and will continue to injure Racing Optics unless and until the Court enters an injunction prohibiting Aevoe and those acting on its behalf from committing further acts of infringement by enjoining the further use, offer for sale, sale, and importation into the United States of the Accused Products, the installation of which results in a device claimed by the '545 patent.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 9,104,256

44. Racing Optics repeats and realleges the allegations in the above paragraphs as though fully set forth herein.

45. Aevoe has made, used, offered for sale, sold in and/or imported into the United States screen protectors for installation on electronic devices.  As relevant here, these screen protectors include at least the Accused Products.  Aevoe has directly infringed, induced infringement and/or contributed to infringement of at least claims 1-4, 6, 7, 9-17, and 19-23 of the '256 patent by testing the Accused Products, and at least encouraging and promoting the installation of the Accused Products in a manner that infringes at least claims 1-4, 6, 7, 9-17, and 19-23 of the '256 patent.  Aevoe's infringement is ongoing.

46. Upon information and belief, Aevoe knew or should have known about the '256 patent since U.S. Application Serial No. 14/599,176, which ultimately issued as the '256 patent, published on May 14, 2015.  The '256 patent claims priority to the '620 patent and ultimately to

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

the '443 application.  As described above, Aevoe was in contact with Racing Optics about that '443 application as early as July of 2012.  Upon information and belief, Aevoe therefore knew or should have known about the '256 patent at least as of the publication of the '176 application. Aevoe has received further notice of the '256 patent at least as of the date this lawsuit was filed.

47. Upon information and belief, Aevoe has tested the Accused Products, and in doing so has used the Accused Products in a manner that infringes at least claims 1-4, 6, 7, 9-17, and 19-23 of the '256 patent.  The method of installation of the Accused Products includes performing the claimed steps for protecting a screen of an electronic device, for example by positioning a screen protector having a film on a device, such that the film of the screen protector is spaced slightly apart from the touch screen of the electronic device, while providing for continued use of the touch screen of the electronic device without producing visible interference patterns during use. The installation of the Accused Products results in a device that infringes the '256 patent.

48. Aevoe has sold and/or offered for sale the Accused Products to resellers and end-users. Aevoe actively encourages resellers and end-users to use the Accused Products in a manner that infringes at least claims 1-4, 6, 7, 9-17, and 19-23 of the '256 patent.  On information and belief, Aevoe knew or should have known that the resellers and end-users using the Accused Products would directly infringe claims of the '256 patent by installing the Accused Products. On information and belief, Aevoe induced infringement in violation of 35 U.S.C. §271(b) by selling the Accused Products and encouraging end-users to perform a method covered by the '256 patent, with the specific intent of encouraging end-users to infringe claims of the '256 patent without a reasonable, good faith belief that its actions did not induce infringement.  On information and belief, Aevoe also induced infringement in violation of 35 U.S.C. §271(b) by selling the Accused Products and encouraging end-users to install the Accused Devices, resulting in a device that infringes claims of the '256 patent, with the specific intent of encouraging end-users to infringe claims of the '256 patent without a reasonable, good faith belief that its actions did not induce infringement.

49. Aevoe's inducement of infringement arises, at least in part, because Aevoe encourages end-users to use the Accused Products to perform the method claimed by the '256 patent resulting

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

in a device that infringes claims of the '256 patent. For example, Aevoe provides instructions to manufacturers, customers, resellers and end-use customers regarding the use and operation of the Accused Products in an infringing way that results in an infringing product.  Such instructions include for example, the instructions provided with the iVisor AG for iPhone 6, iVisor XT for iPhone 6, and iVisor Glass for iPhone 6 products, which have been attached hereto as Exhibit E, and similar instructions and support documentation available on Aevoe's website[6] for other Accused Products.

50. More particularly, the method of installation for the Accused Products encourages end-users to perform the claimed steps for protecting a screen of an electronic device including encouraging the end-user to position a film spaced slightly apart from the screen of the electronic device.  Aevoe first encourages end-users to remove the protective film from the iVisor product to expose an adhesive positioned on the outer periphery of the protective film.  Aevoe encourages the end-users to align the iVisor product with the screen of the electronic device it is being installed on (e.g., iPhone, iPad, etc.), and to gently apply pressure around the outer periphery of the iVisor product to secure it in place.  The installation of the Accused Products results in a device that infringes claims of the '256 patent directed to a combination electronic device and protective shield that includes a film spaced slightly apart from the screen of the electronic device.

51. With these acts, Aevoe has further contributorily infringed one or more claims of the '256 patent in violation of 35 U.S.C. §271(c).  On information and belief, Aevoe knew or should have known about the '256 patent as described above.  On information and belief, Aevoe knew the Accused Products were especially made or especially adapted for use in a manner that infringes at least claims 1-4, 6, 7, and 9-17, 19-23 of the '256 patent.  On information and belief, Aevoe knew that each of the Accused Products is not a staple article or commodity of commerce suitable for substantial non-infringing uses.  The Accused Products have no substantial use that does not infringe the claims of the '256 patent.  On information and belief, Aevoe knew that end-users were performing the claimed method of the '256 patent using the Accused Products and that the

---

[6] *See* Aevoe's website at: http://www.moshi.com/film-protectors/screen-protectors

resulting devices infringe claims of the '256 patent.  End-users have used the Accused Products in a manner that infringes at least claims 1-4, 6, 7, and 9-17, and 19-23 of the '256 patent.

52. Aevoe has infringed and continues to infringe the claims of the '256 patent with knowledge of Racing Optics' rights in the '256 patent.  Aevoe's acts of infringement of the '256 patent have been and continue to be willful and deliberate. On information and belief, Aevoe acted despite an objectively high likelihood that its actions constituted infringement of a valid patent claim, and knew or should have known of this objectively-defined risk of infringement. Racing Optics is entitled to increased damages under 35 U.S.C. §284 and attorneys' fees and costs under 35 U.S.C. §285.

53. Aevoe's infringement has injured Racing Optics and Racing Optics is entitled to recover damages adequate to compensate for such infringement, including lost profits, but in no case less than a reasonable royalty for Aevoe's use of the invention claimed by at least claims 1-4, 6, 7, 9-17, and 19-23 of the '256 patent.

54. Aevoe's infringement of the '256 patent has irreparably injured Racing Optics and will continue to injure Racing Optics unless and until the Court enters an injunction prohibiting Aevoe and those acting on its behalf from committing further acts of infringement by enjoining the further use, offer for sale, sale, and importation into the United States of the Accused Products for performing the claimed method of the '256 patent and for installations of the Accused Products that result in devices that infringe claims of the '256 patent.

### COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 8,974,620

55. Racing Optics repeats and realleges the allegations in the above paragraphs as though fully set forth herein.

56. Aevoe has made, used, offered for sale, sold in and/or imported into the United States screen protectors for installation on electronic devices.  As relevant here, these screen protectors include at least the Accused Products.  Aevoe has directly infringed, induced infringement and/or contributed to infringement of at least claims 1-11, 13, and 14 of the '620 patent by testing the Accused Products, and at least encouraging and promoting the installation of the Accused

///

- 13 -

1  Products in a manner that infringes at least claims 1- 11, 13, and 14 of the '620 patent.  Aevoe's

2  infringement is ongoing.

3      57. Upon information and belief, Aevoe knew or should have known about the '620 patent

4  since U.S. Application Serial No. 13/838,311 (hereinafter the "'311 Application"), which

5  ultimately issued as the '620 patent, published on August 15, 2013.  As described above, Aevoe

6  knew about the '311 application's parent '443 application, and was in contact with Racing Optics

7  about that '443 application, as early as July of 2012.  The '311 application is a divisional

8  application of the '443 application.  On information and belief, Aevoe therefore knew or should

9  have known about the '311 Application, which ultimately issued as the '620 patent, at least as of

10  the publication of the '311 application.  Aevoe has received further notice of the '620 patent at

11  least as of the date this lawsuit was filed.

12      58. Upon information and belief, Aevoe has tested the Accused Products, and in doing so has

13  used the Accused Products in a manner that infringes at least claims 1- 11, 13, and 14 of the

14  claims of the '620 patent.   The method of installation of the Accused Products includes

15  performing the claimed steps for protecting a screen of an electronic device, for example by

16  positioning a film spaced slightly apart from the screen of the electronic device.

17      59. Aevoe has sold and/or offered for sale the Accused Products to resellers and end-users.

18  Aevoe actively encourages resellers and end-users to use the Accused Products in a manner that

19  infringes at least claims 1-11, 13, and 14 of the '620 patent.  On information and belief, Aevoe

20  knew or should have known that the resellers and end-users using the Accused Products would

21  directly infringe claims of the '620 patent during installation of the Accused Products. On

22  information and belief, Aevoe induced infringement in violation of 35 U.S.C. §271(b) by selling

23  the Accused Products and encouraging end-users to perform a method covered by the '620 patent

24  with the specific intent of encouraging end-users to infringe the claims of the '620 patent without

25  a reasonable, good faith belief that its actions did not induce infringement.

26      60. Aevoe's inducement of infringement arises, at least in part, because Aevoe encourages

27  end-users to use the Accused Products to perform the method claimed by the '620 patent. For

28  example, Aevoe provides instructions to manufacturers, customers, resellers and end-use

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

customers regarding the use and operation of the Accused Products in an infringing way.  Such instructions include for example, the instructions provided with the iVisor AG for iPhone 6, iVisor XT for iPhone 6, and iVisor Glass for iPhone 6 products, which have been attached hereto as Exhibit E, and similar instructions and support documentation available on Aevoe's website[7] for other Accused Products.

61. More particularly, the method of installation for the Accused Products encourages end-users to perform the claimed steps for protecting a screen of an electronic device, including encouraging the end-user to position a film spaced slightly apart from the screen of the electronic device. Aevoe first encourages end-users to remove the protective film from the iVisor product to expose an adhesive positioned on the outer periphery of the protective film.  Aevoe encourages the end-users to align the iVisor product with the screen of the electronic device on which it is being installed (e.g., iPhone, iPad, etc.), and to gently apply pressure around the outer periphery of the iVisor product to secure it in place.

62. With these acts, Aevoe has further contributorily infringed at least claims 1-11, 13, and 14 of the '620 patent in violation of 35 U.S.C. §271(c).  On information and belief, Aevoe knew or should have known about the '620 patent as described above.  On information and belief, Aevoe knew each of the Accused Products were especially made or especially adapted for use in a method that infringes at least claims 1-11, 13, and 14 of the '620 patent.  On information and belief, Aevoe knew that each of the Accused Products is not a staple article or commodity of commerce suitable for substantial non-infringing uses.  The Accused Products have no substantial use that does not infringe the claims of the '620 patent.  On information and belief, Aevoe knew that end-users were performing the claimed method of the '620 patent using the Accused Products.  As Aevoe expected, end-users have used the Accused Products in a manner that infringes at least claims 1-11, 13, and 14 of the '620 patent.

63. Aevoe has infringed and continues to infringe the claims of the '620 patent with knowledge of Racing Optics' rights in the '620 patent.  Aevoe's acts of infringement of the '620 patent have been and continue to be willful and deliberate. On information and belief, Aevoe

---

[7] *See* Aevoe's website at: http://www.moshi.com/film-protectors/screen-protectors

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    acted despite an objectively high likelihood that its actions constituted infringement of a valid

2    patent claim, and knew or should have known of this objectively-defined risk of infringement.

3    Racing Optics is entitled to increased damages under 35 U.S.C. §284 and attorneys' fees and

4    costs under 35 U.S.C. §285.

5    64. Aevoe's infringement has injured Racing Optics and Racing Optics is entitled to recover

6    damages adequate to compensate for such infringement, including lost profits, but in no case less

7    than a reasonable royalty, for Aevoe's use of the invention claimed by at least claims 1-11, 13,

8    and 14 of the '620 patent.

9    65. Aevoe's infringement of the '620 patent has irreparably injured Racing Optics and will

10   continue to injure Racing Optics unless and until the Court enters an injunction prohibiting Aevoe

11   and those acting on its behalf from committing further acts of infringement by enjoining the

12   further use, offer for sale, sale, and importation into the United States of the Accused Products for

13   performing the claimed method of the '620 patent.

14   **COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 9,274,625**

15   66. Racing Optics repeats and realleges the allegations in the above paragraphs as though

16   fully set forth herein.

17   67. Aevoe has made, used, offered for sale, sold in and/or imported into the United States

18   screen protectors for installation on electronic devices.  As relevant here, these screen protectors

19   include at least the Accused Products.  Aevoe has directly infringed, induced infringement and/or

20   contributed to infringement of at least claims 1, 2, 4-11, 16-22, and 24-30 of the '625 patent by

21   making, offering for sale, selling, testing, and/or importing the Accused Products, and at least

22   encouraging and promoting the use of the Accused Products that infringe at least claims 1, 2, 4-

23   11, 16-22, and 24-30 of the '625 patent.  Aevoe's infringement is ongoing[8].

24   ///

25

26   [8] Racing Optics listed allowed claims 16, 17, 18, 27, 34, 36-38, 40-45, and 47-56 of the '625
     patent in Motion for Leave to Amend the Pleadings and asserted issued claims 1, 2, 4-11, 16-22,
27   and 24-30 in Racing Optics's Initial Disclosure of Asserted Claims and Infringement Contentions
     for the '625 patent served on Aevoe on April 29, 2016 pursuant to the Court's Order in Dkt. No.
28   76.  This amended complaint addresses this housekeeping change to avoid any confusion.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

68. Upon information and belief, Aevoe knew or should have known about the '625 patent since U.S. Application Serial No. 13/186,690 (hereinafter the "'690 application"), which ultimately issued as the '625 patent, published on July 26, 2012.  As described above, Aevoe knew about the '690 application's parent '443 application, and was in contact with Racing Optics about that '443 application, as early as mid-July of 2012.  The '690 application is a Continuation-in-part application of the '443 application.  On information and belief, Aevoe therefore knew or should have known about the '690 Application, which ultimately issued as the '625 patent, at least as of the publication of the '690 application.  Aevoe has received further notice of the '625 patent at least as of the date this lawsuit was filed.

69. Upon information and belief, Aevoe has made, offered for sale, sold in and/or imported into the United States the Accused Products, and in doing so has infringed, either directly or under the doctrine of equivalents, at least allowed claims 1, 2, 4-11, 16-22, and 24-30 of the claims of the '625 patent.  The Accused Products include the claimed features for protecting a screen of an electronic device, for example by positioning a film spaced slightly apart from the screen of the electronic device.

70. Aevoe has sold and/or offered for sale to resellers and end-users the Accused Products that infringe at least allowed claims 1, 2, 4-11, 16-22, and 24-30 of the '625 patent.  On information and belief, Aevoe knew or should have known that the resellers and end-users using the Accused Products would directly infringe claims of the '625 patent by installing the Accused Products that include the claimed features for protecting a screen of an electronic device.  On information and belief, Aevoe induced infringement in violation of 35 U.S.C §271(b) by selling the Accused Products and encouraging installation of a shield for a touch screen of an electronic device that infringes the claims of the '625 patent, with specific intent of encouraging end-users to infringe the claims of the '625 patent without a reasonable good faith belief that its actions did not induce infringement.

71. Aevoe's inducement of infringement arises, at least in part, because Aevoe encourages end-users to use the Accused Products that include the features claimed by the '625 patent.  For example, Aevoe provides the Accused Products, which, as evidenced by Aevoe's instructions

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

attached hereto as Exhibit E, are specially made for use in a manner infringing one or more claims of the '625, such as allowed claims 1, 2, 4-11, 16-22, and 24-30.  For example, Aevoe provides instructions to manufacturers, customers, resellers and end-use customers regarding the use and operation of the Accused Products that result in an infringing product.  Such instructions include at least the instructions provided for the iVisor AG for iPhone 6, iVisor XT for iPhone 6, and iVisor Glass for iPhone 6, which have been attached hereto as Exhibit E, as well as similar instructions and support documentation available on Aevoe's website [9] for other Accused Products.

72. More particularly, installation of the Accused Products encourages end-users to protect a screen of an electronic device including encouraging the end-user to position a film spaced slightly apart from the screen of the electronic device.  Aevoe first encourages end-users to remove the protective film from the iVisor product to expose an adhesive positioned on the outer periphery of the protective film.  Aevoe encourages the end-users to align the iVisor product with the screen of the electronic device it is being installed on (e.g. iPhone, iPad, etc.), and to gently apply pressure around the outer periphery of the iVisor product to secure it in place.  The installation of the Accused Products results in end-users using a device that infringes claims of the '625 patent directed to a protective shield for a touch sensitive screen of an electronic device that includes a film spaced slightly apart from the screen of the electronic device.

73. With these acts, Aevoe has further contributorily infringed one or more claims of the '625 patent in violation of 35 U.S.C. §271(c).  On information and belief, Aevoe knew or should have known about the '625 patent as described above.  On information and belief, Aevoe knew the Accused Products were especially made or especially adapted for use in a way that infringes at least allowed claims 1, 2, 4-11, 16-22, and 24-30 of the '625 patent.  On information and belief, Aevoe knew each of the Accused Products were not a staple article or commodity of commerce suitable for substantial non-infringing uses.  The Accused Products have no substantial use that does not infringe the claims of the '625 patent.  On information and belief, Aevoe knew that end-

---

[9] *See* Aevoe's website at: http://www.moshi.com/film-protectors/screen-protectors

Snell & Wilmer

L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

users were using the Accused Products that infringes at least allowed claims 1, 2, 4-11, 16-22, and 24-30 of the '625 patent.

74. Aevoe has infringed and continues to infringe the claims of the '625 patent with knowledge of Racing Optics' rights in the '625 patent.  Aevoe's acts of infringement of the '625 patent have been and continue to be willful and deliberate. On information and belief, Aevoe acted despite an objectively high likelihood that its actions constituted infringement of a valid patent claim, and knew or should have known of this objectively-defined risk of infringement. Racing Optics is entitled to increased damages under 35 U.S.C. §284 and attorneys' fees and costs under 35 U.S.C. §285.

75. Aevoe's infringement has injured Racing Optics and Racing Optics is entitled to recover damages adequate to compensate for such infringement, including lost profits, but in no case less than a reasonable royalty, for Aevoe's use of the invention claimed by at least allowed claims 1, 2, 4-11, 16-22, and 24-30 of the '625 patent.

76. Aevoe's infringement of the '625 patent has irreparably injured Racing Optics and will continue to injure Racing Optics unless and until the Court enters an injunction prohibiting Aevoe and those acting on its behalf from committing further acts of infringement by enjoining the further use, offer for sale, sale, and importation into the United States of the Accused Products for embodying the claimed apparatus of the '625 patent.

## DEMAND FOR JURY TRIAL

77. Racing Optics hereby respectfully demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Racing Optics respectfully requests this Court enter judgment in its favor and grant the following relief:

A. Adjudge Aevoe's accused products infringe the '545, '256, '620, and '625 patents;

B. Award Racing Optics damages in an amount adequate to compensate Racing Optics for Aevoe's infringement of the '545, '256, '620, and '625 patents, including lost profits, but in no event less than a reasonable royalty under 35 U.S.C. §284;

C. Award Racing Optics enhanced damages pursuant to 35 U.S.C. §284;

1        D.     Award Racing Optics pre-judgment interest and post-judgment interest at the

2   maximum rate allowed by law;

3        E.     Award Racing Optics its costs of court;

4        F.     Enter an order declaring that this is an exceptional case and award Racing Optics

5   its reasonable attorneys' fees pursuant to 35 U.S.C. §285;

6        G.     Order an accounting for damages;

7        H.     Enter an injunction enjoining Defendants, and all others in active concert with

8   Defendants, from further infringement of the '545, '256, '620, and '625 patents;

9   ///

10   ///

11   ///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    I.        Award a compulsory future royalty for the '545, '256, '620, and '625 patents to

2    the extent an injunction does not issue; and

3    J.        Award such further relief as the Court deems just and proper.

4                                                    Respectfully submitted by:

5    Dated this 29th day of April, 2016.                    **SNELL & WILMER L.L.P.**

6

7                                    By:    /s/ Kelly H. Dove
                                          Chad R. Fears, Esq.
8                                          Nevada Bar No. 6970
                                          Kelly Dove, Esq.
9                                          Nevada Bar No. 10569
                                          3883 Howard Hughes Parkway, Suite 1100
10                                         Las Vegas, NV  89169

11                                         **KILPATRICK TOWNSEND &**
12                                         **STOCKTON LLP**
                                          Joshua Pond (Pro Hac Vice)
13                                         Akarsh P. Belagodu (Pro Hac Vice)
                                          Suite 900, 607 14th Street, NW
14                                         Washington, DC  20005

15                                         Steven Moore (Pro Hac Vice)
                                          Eighth Floor, Two Embarcadero Center
16                                         San Francisco, CA 94111

17                                         Megan E. Bussey (Pro Hac Vice)
18                                         The Grace Building
                                          1114 Avenue of the Americas
19                                         New York, NY 10036

20                                         William E. Mosley (Pro Hac Vice)
21                                         Norris P. Boothe (Pro Hac Vice)
                                          1080 Marsh Road
22                                         Menlo Park, CA 94025

23                                         **HIGGINS BENJAMIN, PLLC**
24                                         Kenneth Gumbiner (Pro Hac Vice)
                                          101 West Friendly Avenue, Suite 500
25                                         Greensboro, NC 27401

26                                         *Attorneys for Plaintiff*
27                                         *RACING OPTICS, INC.*

28

1

## **CERTIFICATE OF SERVICE**

2    I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen

3 (18) years, and I am not a party to, nor interested in, this action.  On April 29, 2016, I caused to

4 be served a true and correct copy of the foregoing **AMENDED COMPLAINT FOR PATENT**

5 **INFRINGEMENT JURY TRIAL DEMANDED** upon all parties involved in this case and

6 receiving service via the Court's CM/ECF website.

7

8          */s/ Ruby Lengsavath*

9          An Employee of Snell & Wilmer L.L.P.

10

11 24004849

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200