# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

RACINGS OPTICS, INC. a Nevada corporation,

Plaintiff,

vs.

AEVOE CORP., d/b/a MOSHI, a California corporation,

Defendant.

Case No. 2:15–cv–1774–RCJ–VCF

## **ORDER**

MOTION TO COMPEL (ECF NO. 85)

Before the court are Racing Optics's motion to compel (ECF No. 85), Aevoe's response (ECF No. 90), and Racing Optics's reply (ECF No. 106).  For the reasons stated below, Racing Optics's motion to compel is granted in part and denied in part.

## I. Discussion

Aevoe objected to all the discovery requests at issue on the grounds that it was overbroad, unduly burdensome, irrelevant, and disproportional to the needs of this case.  (ECF No. 86-1)  Aevoe however did not offer any further explanation for its objections.  "[B]oilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'"  *EnvTech, Inc. v. Suchard*, No. 3:11-cv-523-HDM-WGC, 2013 WL 4899085 at *5 (D. Nev. Sept. 11, 2013) (internal citations omitted).  "[B]oilerplate objections such as 'overly burdensome and harassing' are improper."  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).  These boilerplate objections are therefore overruled.  *See id.*

/// /// ///

1

1.    Interrogatories 4 through 8[1]

      a.    *Interrogatory 4*: For each product identified in response to Interrogatory No. 3, describe the structure of the product and identify all DOCUMENTS describing the structure and instructions for using the product.

Aevoe objected to interrogatory 4 on the ground that is called for a premature expert disclosure. (*Id.*)  Aevoe does not provide any explanation for this objection, and the plain meaning of interrogatory 4 does not require Aevoe to disclose an expert report.  This objection is also overruled.

At the outset of this action, Racing Optics provided claim construction charts for four Accused Products.  (ECF No. 86)  The company stated that these four products were representative of all sixty five Accused Products.  In is supplemental interrogatory responses, Aevoe limited its answers to information regarding the four charted Accused Products.  (ECF No. 86-1)  On the same day Aevoe served its supplemental responses, Racing Optics served claim construction charts for the remaining sixty one Accused Products.  (ECF No. 86-3)  Since Racing Optics has served claim construction charts for all sixty five Accused Products, Aevoe's limitation is now unnecessary.  Aevoe is ordered to provide supplemental responses regarding all sixty five Accused Products.[2]

In lieu of a narrative response, Aevoe answered interrogatory 4 by referring Racing Optics to a series of documents.  (ECF No. 86-1)  Aevoe stated that it would make these documents available for Racing Optics to inspect at an agreed upon date.  (*Id.*)  "If the answer to an interrogatory may be determined by examining … a party's business records … and if the burden of deriving or ascertaining

---

[1] In its April 19 order, this court permitted Racing Optics to ask Interrogatories 4 through 9 regardless of how many discrete subparts the interrogatories contained.  (ECF No. 71)  In its supplemental responses, Aevoe unhelpfully renumbered each interrogatory.  (ECF No. 86-1)  For example Aevoe believed that interrogatory 4 consisted of 3 separate interrogatories, and accordingly renumbered interrogatory 4 as interrogatories 26 through 28.  (*Id.*)  This court will use Racing Optics's original numbering.

[2] Although the "charting issue" was discussed at the April 13 hearing (ECF No. 65), this court did not enter a specific order regarding the "charting issue."  (ECF No. 71)  Because Racing Optics has served claim construction charts for all sixty five Accused Products, this issue is now moot.  (ECF NO. 85)

the answer will be substantially the same for either party, the responding party may answer by"

designating responsive documents and giving the requesting party an opportunity to examine those

documents. FED. R. CIV. P. 33(d). Racing Optics argues that the designated documents are

unresponsive printouts from Aevoe's website. (ECF No. 85) In its response, Aevoe insists that it has

designated all documents responsive to interrogatory 4, and that it does not have any more responsive

information. (ECF No. 90)

To the extent Aevoe maintains that is does not possess any more responsive information, this

court will order it to submit a declaration, signed by one of its officers, that describes its efforts to search

for responsive documents. *Am. General Ins. Co. v. Vistana Condominium Owners Ass'n.*, Case No.

2:12-cv-1324-JAD-NJK, 2014 WL 910350 at* 2 (D. Nev. Mar. 7, 2014); *EnvTech, Inc.*, 2013 WL

4899085 at* 5.

    b.    Interrogatory 5: For each product identified in response to Interrogatory No. 3,
          IDENITFY all instances of testing and using the products in the United States and
          IDENTIFY all DOCUMENTS describing the testing or use of the products in the
          United States.

Aevoe objected to interrogatory 5 on the ground that the terms "testing" and "using" are vague

and ambiguous. (ECF No. 86-1) This court agrees. It is unclear what type of "testing" information

would be responsive to this interrogatory. It is also unclear what type of use Interrogatory 5

contemplates: everyday use of the product, commercial demonstrations, or a more specialized definition

of the term "use." Aevoe's vague and ambiguous objection to interrogatory 5 is sustained.

    c.    Interrogatory 6: For each product identified in response to Interrogatory 3, state
          on a monthly or quarterly basis from the date of first sale to the present, the total
          number of units sold, sales piece (billed), gross revenue in U.S. dollars, net
          revenue in U.S. dollars, costs of goods sold, operating expenses, total gross profit
          margin, total net profit margin, including but not limited to amount relating to any
          related service of these units and PERSONS with knowledge of the subject matter
          of this interrogatory.

3

Aeveoe limited its response to interrogatory 6 "to adhesive touch screen protectors or shields with non-adhesive portions that Aevoe has sold since March 10, 2015."  (ECF No. 86-1)  In its April 19 order, this court noted that Aevoe was not withholding any documents based on the date the document was created.  (ECF No. 71)  This court then instructed Aevoe to serve a declaration that stated it was "not withholding documents based solely on the date the document was created."  (*Id.*)

While Aevoe's temporal limitation to interrogatory 6 does not violate the letter of this court's prior ruling, its goes against the spirit underlying that ruling.  If this court's prior order had said "information" rather than simply "documents" Aevoe's limitation would have violated this court's order.  This court intended that its ruling regarding the Aevoe's allegedly arbitrary time limitation would focus the parties' future discovery efforts on the substance of the requests.  Aevoe's decision to withhold information based on its own determination of the relevant time period[3] has frustrated Racing Optics discovery efforts.  Aevoe's temporal limitation is overruled.

To the extent Aevoe maintains that is does not possess any more responsive information, this court will order it to submit a declaration, signed by one of its officers, that describes its efforts to search for responsive documents.  *Am. General Ins. Co.*, 2014 WL 910350 at* 2; *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

  d.  Interrogatory 7: For each product identified in response to Interrogatory 3, IDENTIFY the individuals most knowledgeable regarding the research, design, development, manufacturing, marketing, installation, revenue, costs, expense, profits and/or sale of each product, including a description of that PERSON's title and responsibilities, and all previous depositions of these individuals related to the aforesaid.

---

[3] Aevoe believes that documents and information that pre-date March 10, 2015, the date that Racing Optics was first issued an Asserted Patent, are irrelevant.  (ECF No. 86-1)  Racing Optics appears to agree that March 10, 2015 is a "critical date" (ECF No. 90), but does not agree that it is foreclosed from requesting information prior to this date.

In response to interrogatory 7, Aevoe identified: (1) Michael Leonhard; (2) Dierk Demers; and (3) Henry Serper.  (ECF No. 86-1)  Aevoe however limited to "adhesive touch screen protector or shield products that have a non-adhesive central portion that Aevoe has sold since March 10, 2015 and that Racing Optics identified in its Infringement Contentions."  (ECF No. 86-1)  Aevoe's decision to withhold information based on its own determination of the relevant time period has frustrated Racing Optics discovery efforts.  Aevoe's temporal limitation is overruled.

     e.    Interrogatory 8: With regard to Paragraph 57 of Defendant's COUNTERCLAIM FOR DECLARATION OF UNENFORCEABILITY OF THE '620 PATENT DUE TO INEQUITABLE CONDUCT/FRAUD ON THE PATENT OFFICE and, in particular, DEFENDANT's allegation that "[n]either Racing Optics nor Wilson informed the PTO Examiner in charge of their '311 Application [that Aevoe had established a date of inventorship], nor did they assert or allege any earlier date of invention prior to Aevoe's proven date of invention, state the earliest date that Aevoe contends it has or can prove its "inventorship" of the subject matter of the '942 patent, including the earliest date it contends it conceived of the invention, all efforts in which it engaged to reduce the invention to practice and the earliest date Aevoe contends it reduced the invention to practice.  In your answer, identify all PERSONS having knowledge of the "inventorship" of which Aevoe contends Racing Optics or Wilsons omitted to inform the PTO that support Aevoe's claim of "inequitable conduct/fraud."

Aevoe argues that information responsive to interrogatory 8 is irrelevant.  Its argument relies on this court's prior ruling that "[i]nformation about the development and patent prosecution history of Patent '942 is irrelevant to Aevoe's fraud on the patent office defense."  (ECF No. 71)  This court made its prior ruling with regard to two requests for production:

    RFP 7: ANY DOCUMENTS referencing the conception and reduction to practice of any invention claimed in any patents and/or patent applications assigned to or otherwise owned by AEVOE that AEVOE believes covers any of the ACCUSED PRODUCTS, including but not limited to such DOCUMENTS related to U.S. Patent No. 8, 044, 942.

    RFP 8: ANY DOCUMENTS relating to the prosecution history of U.S. Patent No. 8, 044, 942 including but not limited to the prosecution file history and the reexamination file history.

5

Unlike RFPs 7 and 8, interrogatory 8 can be narrowed so that it only seeks relevant information. Racing Optics may ask about "the earliest date that Aevoe contends it has or can prove its 'inventorship' of the subject matter of the '942 patent."  Aevoe however does not need to provide any information about the conception of the invention nor any information about how the invention was reduced to practice.

2.      Requests for Production 1, 5, 12, 16, and 21

>    a. Request for Production 1: ANY DOCUMENTS referenced, identified, reviewed, and/or relied upon by AEVOE in responding to interrogatories propounded by RACING OPTICS in this matter, Case No. 2:15-cv-1774.

>    b. Request for Production 5: ANY DOCUMENTS relating to screen protectors designed, researched, developed, manufactured, sold, and/or licensed by AEVOE, including, but no limited to such DOCUMENTS relating to the ACCUSED PRODUCTS.

In its response to the motion to compel, Aevoe stated that it "has fully complied with the Court's order" and that "[t]o the best of Aevoe's knowledge after a reasonably diligent search" no additional responsive documents exist.  (ECF No. 90) To the extent Aevoe maintains that is does not possess any more responsive information, this court will order it to submit a declaration, signed by one of its officers, that describes its efforts to search for responsive documents.  *Am. General Ins. Co.*, 2014 WL 910350 at* 2; *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

>    c. Request for Production 12: ANY DOCUMENTS sufficient to show on a monthly and/or quarterly basis, the revenues (in dollars and units), costs of goods sold (in dollars and units), sales forecasts (in dollars and units), expenses (in dollars and units), bills of materials (in dollars and units ), purchase orders (in dollars and units), and profits (in dollars and units) attributable to AEVOE's sales of all screen protectors that have a nexus with the United States, including but not limited to the ACCUSED PRODUCTS, dated from each products' date of first sale.

In its first supplemental response to this request, Aevoe stated that it had produced all responsive documents and that it does not have any additional responsive documents in its possession, custody, or

control.  (ECF No. 86-9)  To the extent Aevoe maintains that is does not possess any more responsive

information, this court will order it to submit a declaration, signed by one of its officers, that describes

its efforts to search for responsive documents.  *Am. General Ins. Co.*, 2014 WL 910350 at* 2; *EnvTech,*

*Inc.*, 2013 WL 4899085 at* 5.

> d. Request for Production 16: ANY DOCUMENTS identifying all past, present,
> or potential customers or distributors of AEVOE to whom AEVOE's screen
> protectors, including but not limited to AEVOE's ACCUSED PRODUCTS have
> been marketed, sold, offered for sale, licensed, demonstrated, and/or tested.

In response to request for production 16, Aevoe represents that it produced its current master list

of customers and distributors, which "contains information going back more [than] a year before the

critical date of March 10, 201[5]." (ECF NO. 90)  Aevoe's production sufficiently responds to request

for production 16.  Aevoe is not required to provide an additional supplemental response to this request.

> e. Request for Production 21: ANY DOCUMENTS relating to the advertising,
> marketing, promotion, sale, or distribution of or relating to AEVOE's screen
> protectors including but not limited to AEVOE's ACCUSED PRODUCTS, and
> related to any specific feature of AEVOE"s screen protectors, including but [not]
> limited to AEVOE'S ACCUSED PRODUCTS.

In its response to the motion to compel, Aevoe stated that it had produced all responsive

documents and that it does not have any additional responsive documents in its possession,

custody, or control.  (ECF No. 90)  To the extent Aevoe maintains that is does not possess any

more responsive information, this court will order it to submit a declaration, signed by one of its

officers, that describes its efforts to search for responsive documents.  *Am. General Ins. Co.*,

2014 WL 910350 at* 2; *EnvTech, Inc.*, 2013 WL 4899085 at* 5.

/// /// ///

/// /// ///

/// /// ///

3. <u>Racing Optics's Request for Sanctions is Denied</u>

If a court grants in part and denies in part a motion to compel, it may "apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).  After reviewing the parties' arguments regarding discovery sanctions, this court denies Racing Optics's request for sanctions.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Racing Optics's motion to compel (ECF No. 85) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Aevoe's objections to interrogatory 4 are OVERRULED. Aevoe is ordered to serve a supplemental response to interrogatory 4.

IT IS FURTHER ORDERED that Aevoe's vague and ambiguous objection to interrogatory 5 is SUSTAINED.  Aevoe is not required to serve a supplemental response to interrogatory 5.

IT IS FURTHER ORDERED that Aevoe's objections and temporal limitation to interrogatory 6 are OVERRULED.  Aevoe is ordered to serve a supplemental response to interrogatory 6.

IT IS FURTHER ORDERED that Aevoe's objections and temporal limitation to interrogatory 7 are OVERRULED.  Aevoe is ordered to serve a supplemental response to interrogatory 7.

IT IS FURTHER ORDERED that Aevoe's objections to interrogatory 8 are SUSTAINED in part. Interrogatory 8 is modified as follows: the phrase "including the earliest date it contends it conceived of the invention, all efforts in which it engaged to reduce the invention to practice and the earliest date Aevoe contends it reduced the invention to practice" is deleted from interrogator 8.  Aevoe is ordered to serve a supplemental response to interrogatory 8 as modified.

IT IS FURTHER ORDERED that Aevoe's objections to requests for production 1, 5, 12, and 21 are OVERRULED.  Aevoe is ordered to serve supplemental responses to these requests.

IT IS FURTHER ORDED that AEVOE's production in response to request for production 16 is sufficient.  Aevoe is not required to serve a supplemental response to this request.

IT IS FURTHER ORDERED that on or before August 19, 2016, Aevoe must serve Racing Optics supplemental discovery responses.  To the extent Aevoe maintains that is does not possess any more responsive information, on or before August 19, 2016, it must serve a declaration, signed by one of its officers, that describes its efforts to search for responsive information and documents.

IT IS FURTHER ORDERED that Racing Optics's request for discovery sanctions is DENIED.

IT IS SO ORDERED.

DATED this 19th day of July, 2016.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE