**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RACING OPTICS, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AEVOE CORP d/b/a MOSHI, a California corporation,<br><br>Defendant. | Case No. 2:15–cv–1774–RCJ–VCF<br><br>**ORDER**<br><br>MOTION FOR PROTECTIVE ORDER (ECF NO. 87);<br>MOTION TO COMPEL (ECF NO. 93) |

Before the court are Aevoe's motion for protective order (ECF No. 87), Racing Optics's response (ECF No. 92), and Aevoe's reply (ECF No. 109). Also before the court are Racing Optics's motion to compel (ECF No. 93), Aevoe's response (ECF No. 114), and Racing Optics's reply (ECF No.126) For the reasons stated below, Aevoe's motion for protective order (ECF No. 87) is granted and Racing Optics's motion to compel (ECF No. 93) is denied.

**I. Discussion**

1. <u>Aevoe's Lacks Standing to Move to Quash the Subpoena Served on Buchanan Ingersoll & Rooney P.C.</u>

"[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership*, Case No. 2:04-cv-1199-DAE-GWF, 2007 WL 119148 at\* 4 (D.Nev. Jan. 9, 2007). Courts in this district held that objections based on relevance and undue burden on the non-parties do not constitute a party's personal right or privilege. *Id.*

Aevoe moves to quash the subpoena served on Buchanan Ingersoll & Rooney on the grounds that: (1) the discovery sought is unreasonably cumulative and duplicative; (2) Racing Optics had ample

1

opportunity to obtain the requested information from Aevoe; and (3) the proposed discovery is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1).  (ECF No. 87)  None of Aevoe's reasons give it a personal right or privilege in the documents in the law firm's possession.  *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4.  Aevoe therefore lacks standing to move to quash the subpoena served on Buchanan Ingersoll & Rooney.  Aevoe has moved for a protective order.

2.      Aevoe's Motion for a Protective Order is Granted

"A party or any person from whom discovery is sought may move for a protective order."  FED. R. CIV. P. 26(c).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.*

"Piggyback" discovery requests are prohibited.  *Chen v. Ampco Sys. Parking*, Case No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009).  Racing Optics "must specifically ask for the documents he wants and be able to demonstrate that the information he seeks is relevant to his claims in this case."  *Id.*  The fact that Aevoe "produced certain documents in the [other] cases does not necessarily make them discoverable in this case."  *Id.*

In its April 19 order, this court denied the following requests for production

> Request for Production 25: ANY DOCUMENTS produced by AEVOE in all previous litigations where AEVOE was asserting U.S. Patent No. 8,044,942 including but not limited to [the request proceeded to list 9 different patent actions where Aevoe was a party).

> Request for Production 26: ANY DOCUMENTS related to the validity and/or infringement of U.S. Patent No. 8,044,942 produced by AEVOE in all previous litigations where AEVOE was asserting U.S. Patent No. 8,044,942 including but not limited to the case captions referenced in REQUEST FOR PRODUCTION NO. 25.

> Request for Production 27: ANY DOCUMENTS related to damages caused by the infringement of U.S. Patent No. 8,044,942 produced by Aevoe in all previous litigations where Aevoe was asserting U.S. Patent No. 8,044,942 including but not

limited to the case captions referenced in REQUEST FOR PRODUCTION NO. 25.

(ECF No. 71)  This court found that these requests were impermissible "piggyback" discovery, and that Racing Optics needed to specify which documents it wanted and to demonstrate its relevance. (*Id.*)  This court denied Racing Optics's request for this information in the past (ECF No. 71), and it will do so again now.

Racing Optics's subpoena to Buchanan Ingersoll included 14 documents requests.  (ECF No. 88-1)  Each request asks for either documents, deposition transcripts, or exhibits from the "Aevoe v. AE Tech Litigation." (*Id.*)  Each request is also accompanied by a phrase that specifies the type of information Racing Optics is requesting.  (*Id.*)  For example request 1 includes the phrase "assist in understanding the design research, development, operation, manufacture, marketing, testing, sale, demonstration and/or installation of the ACCUSED PRODUCT." (*Id.*)  Request 8 includes the phrase "discussing or attempting to discuss the ASSERTED PATENTS and/or patent applications that were eventually granted as the ASSERTED PATENTS." (*Id.*)

In its response to Aevoe's motion, Racing Optics argues that these requests are discoverable because "Racing Optics took care to comply with the [c]ourt's previous order not to seek the entire panoply of documents Aevoe produced in other litigations and limited these requests to documents which would shed light on specific issues" such as design, development or testing.  (ECF No. 92)  This court disagrees with Racing Optics's characterization of its documents requests.

The fact that documents will "shed light on specific issues" does not automatically render those documents discoverable.  *See* FED. R. CIV. P. 26(b)(1)(information is discoverable if it is "relevant to any party's claim or defense and proportional to the needs of the case").  Racing Optics asserts that the requested documents are related to generic categories of information, but does not address how these

3

categories are relevant to its claims or Aevoe's defenses in this action.  (ECF No. 92)  Simply put Racing Optics has not explained, and this court cannot determine, how information from an action that predates the first Asserted Patent[1] is relevant to any issue in this action.

Taken together, Racing Optics's 14 document requests appear to seek every document produced or generated in the Aevoe v. AE Tech Litigation.  This court is hard pressed to imagine a document or category of documents that would not be subject to one or more of Racing Optics's discovery request.  Rather than craft specific document requests tailored to this litigation, Racing Optics transformed 3 broad discovery requests served on Aevoe into 14 document request that encompass the same universe of information.  Since Racing Optics's document request to Buchanan Ingersoll constitute impermissible "piggybacking" discovery, Aevoe's motion for protective order is granted as to all 14 document requests.  *See Chen*, 2009 WL 2496729, at *3.

3.     Racing Optics's Motion to Compel is Denied

As part of its third set of requests for production, Racing Optics's served Aevoe with requests for production 51-64.  All 14 of these requests for production are nearly[2] identical to the document requests served with Racing Optics's subpoena on Buchanan Ingersoll.  (ECF No. 89-10)  Racing Optics goes so far as to state, "[u]ltimately, Racing Optics does not care where it obtains relevant information from the AE Tech Litigation."  (ECF No. 93)  Racing Optics supports its motion to compel responses to requests 51-64 by stating that "RFPs 51-64 are targeted [at] uncovering information about the Accused Products

---

[1] On August 20, 2014, the court entered partial summary judgment in favor of Aevoe in *Aevoe Corp. v. AE Tech Co., Ltd.*, 40 F.Supp. 3d 1351 (D.Nev. 2014).  Inn this order, the court found that Aevoe's '942 patent was valid. *Id.*  Racing Optics's oldest Asserted Patent was issued on March 10, 2015.  (ECF No. 1)

[2] Some of Racing Optics's document requests include the phrase "or any products marketed under similar product names." (ECF No, 88-1)  None of the requests for production at issue contain this phrase.  (ECF No. 89-10)  Other than this additional phrase, the discovery requests are identical.

in this case and relevant damages theories[;] they seek relevant information and Aevoe must product responsive documents."

Documents are not relevant simply because Racing Optics asserts that they are relevant. Racing Optics's requests for production suffer from the same shortcoming as its subpoena to Buchanan Ingersoll. Racing Optics has not explained how its requests for broad categories of information are relevant to a claim or defense in this action. Racing Optics has also not explained why it cannot get the information it seeks through discovery in this action, rather than through Aevoe's discovery responses in a previous action. (ECF No. 126) Racing Optics's motion to compel is denied.

4.     Aevoe's Request for Reasonable Costs and Fees is Granted

In its motion for protective order, Aevoe requested costs and reasonable attorneys' fees associated with bringing its motion. This court grants Aevoe's request.

"Rule 37(a)(5) applies to the award of expenses" associated with motions for protective orders. FED. R. CIV. P. 26(c)(3). "If a motion is granted … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5).

Racing Optics's did not follow this court's guidance to serve specific discovery requests. Rather it reformulated its previously denied requests and served them on Aevoe and a non-party. Racing Optics's regrettable choice of discovery tactics caused Aevoe to move for its protective order. As previously discussed, this court will grant Aevoe's motion for a protective order in full. Additionally This court will award Aevoe reasonable costs and fees associated with bringing its motion for protective order.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Aevoe's motion for protective order (ECF No. 87) is GRANTED. Non-party Buchanan Ingersoll and Rooney P.C. does not have to respond to document requests 1-14. On or before July 29, 2016 Aevoe will serve Buchanan Ingersoll and Rooney a copy of this order.

IT IS FURTHER ORDERED that Racing Optics's motion to compel (ECF No. 93) is DENIED.

IT IS FURTHER ORDERED that Aevoe's request for reasonable costs and fees is GRANTED. On or before July 29, 2016 Aevoe must submit to the court an affidavit that details the reasonable costs and fees associated with bringing its motion for protective order (ECF No. 87) **only**.

IT IS SO ORDERED.

DATED this 27th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE