**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RACING OPTICS, INC., a Nevada corporation,<br><br>                 Plaintiff,<br><br>vs.<br><br>AEVOE CORP d/b/a MOSHI, a California corporation,<br><br>                 Defendant. | Case No. 2:15–cv–1774–RCJ–VCF<br><br>**<u>ORDER</u>**<br><br>MOTION TO STAY (ECF NO. 95) |

Before the court are Aevoe's motion to stay (ECF No. 95), Racing Optics's response (ECF No. 118), and Aevoe's reply (ECF No. 131). For the reasons stated below, Aevoe's motion is denied.

**I. Background**

On September 15, 2015, Racing Optics sued Aevoe for patent infringement. (ECF No. 1) The action proceeded in the ordinary course. The parties participated in the required settlement conference, began to construct claim charts, and exchanged discovery. This court has also resolved discovery disputes that have arisen during the course of litigation.

On June 21, 2016, Aevoe filed three petitions for *inter partes* review with the U.S. Patent Office. (ECF No. 95) *Inter partes* review is a parallel proceeding before the U.S. Patent Office. The office can either find a party's claim patentable or unpatentable. (*Id.*) Unpatentable claims must be dismissed from this action. (*Id.*) The U.S. Patent Office uses a two-step procedure for *inter partes* review petitions. (*Id.*) The office must first determine whether to institute proceedings i.e. whether to grant or deny the petition for review. (*Id.*) If a petition for review is granted, the office then makes a final determination regarding the patentability of the challenged claims. (*Id.*)

Aevoe now moves for a stay of this action due to its filings with the U.S. Patent Office.

1

## II. Legal Standard

"The court may order a stay of litigation pending the outcome of a reexamination proceeding before the United States Patent and Trademark Office that concerns a patent at issue in the federal court litigation." LR 1-20. "Whether the court stays litigation upon the request of a party will depend on the circumstances of each particular case, including without limitation: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, (3) whether discovery is complete, and (4) whether a trial date has been set." *Id.*

"[B]ecause the purpose of the stay procedure is efficiency, the court believes the best course of action … where the [Patent Trials and Appeals Board] has not yet determined whether to grant pending petitions for review, is to treat the first and fourth factors as indeterminable and deny the stay motion unless the second and third factors strongly support a stay even in the absence of the first and fourth factors." *Unwired Planet, LLC v. Square, Inc.*, No. 3:13-cv-579-RCJ-WGC, 2014 WL 4966033 at* 4 (D.Nev. Oct. 3, 2014)

## III. Discussion

1. The Circumstances of This Action Do Not Warrant a Stay

   i. *A Stay Will Prejudice Racing Optics*

Racing Optics argues that a stay would prejudice the company because it continues to lose market share and good will as this action is litigated and because it has already expended considerable time and effort to litigate three successive discovery motions. (ECF No. 118) This court agrees that Racing Optics will be prejudiced by a stay.

This action was originally filed in September 2015. (ECF No. 1) Ten months and three extensive discovery motion later, Aevoe moved for a stay of this action. (ECF No. 95) Had Aevoe

moved for a stay at the beginning of this action, Racing Optics would likely have been disappointed in the delay in adjudication, but it probably would not have suffered any prejudice. But Aevoe filed its motion to stay eleven months after Racing Optics initiated this action. (*Id.*)  In the intervening time that parties have exchanged substantial amounts of discovery, this court has resolved three contentious discovery motions, and the district judge has denied Racing Optics's motion for judgment on the pleadings. Racing Optics has already invested significant time, money, and effort in this action. It would undoubtedly be prejudiced if this action were stayed pending a decision from the U.S. Patent Office. The first factor weighs heavily against a stay.

        ii.    *This Court Cannot Determine Whether a Stay Will Simplify the Issues*

On June 21, 2016, Aevoe filed petitions for *inter partes* review with the U.S. Patent Office. (ECF No. 95) Aevoe's petitions challenge the patentability of three of the four Asserted Patents.[1] (*Id.*) As of August 9, 2016, the U.S. Patent Office has not yet decided whether to initiate proceedings on the three challenged patents. (*Id.*) Under 35 U.S.C. § 314(b) and § 316(a)(11), the U.S. Patent Office must decide whether to institute proceedings on Aevoe's petitions by December 21, 2016, and must issue a final determination on any instituted proceedings by December 21, 2017. Aevoe believes that it will prevail on *inter partes* review. (*Id.*) Consequently, the number of patents and claims the court will need to adjudicate will be significantly narrowed after the U.S. Patent Office proceedings have concluded.

In support of its argument, Aevoe submitted statistical data that showed a 48% chance of a petition for *inter partes* review being granted and a 72% chance of an instituted claim being found unpatentable. (ECF No. 95) Aevoe's supporting data amounts to statistical speculation about its

---

[1] Aevoe represents that if the court denied its motion for judgment on the pleadings, it would seek *inter partes* review on the remaining Asserted Patent. (ECF No. 95 at 2 n. 1) On August 2, 2016, the court denied Aevoe's motion for judgment on the pleadings. (ECF No. 139) For the purposes of this motion, this court will assume Aevoe has filed or will file a petition for *inter partes* review of the remaining Asserted Patent.

chances of convincing the U.S. Patent Office to institute proceedings and invalidate Racing Optics's patents. These statistics do not allow this court to draw any conclusions about Aevoe's chances of getting proceedings instituted or getting Racing Optics's patents invalidated. *See Unwired Planet, LLC*, 2014 WL 4966033, at *4. ("Before the [Patent Trials and Appeals Board] has decided whether to grant a petition for review, however, it is very difficult to assess whether a stay would simplify the issues or reduce the burden of litigation.").

Given the difficulty of forecasting the U.S. Patent Office's decisions on Racing Optics's claims and the substantial discovery that has already been exchanged regarding those claims, the second factor, under these circumstances, weighs against a stay. *See id.*

       iii.    *Discovery is Incomplete and No Trial Date Has Been Set*

The need to complete discovery and the absence of a trial date weigh in favor of a stay. *Applications in Internet Time, LLC v. Salesforce.com, Inc.*, No. 3:13-cv-628-RCJ-VPC, 2015 WL 8041794 at* 3 (D.Nev. Dec. 4, 2015). Fact discovery is scheduled to close on December 16, 2016 and no trial date has been set in this action. (ECF No. 76)  The third and fourth factors therefore weigh in favor of a stay.

### IV. Conclusion

Since the first and fourth factors are treated as indeterminable, this court focuses on the second and third factors. *See Unwired Planet, LLC*, 2014 WL 4966033, at *5. Neither factor strongly supports a stay. *See id.*

ACCORDINGLY, and for good cause shown,

/// /// ///

/// /// ///

/// /// ///

4

IT IS HEREBY ORDERED that Aevoe's motion to stay (ECF No. 95) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of August, 2016.

                                                  _____

                                                  CAM FERENBACH
                                                  UNITED STATES MAGISTRATE JUDGE