UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RACING OPTICS, INC.,<br><br>                    Plaintiff,<br><br>      vs.<br><br>AEVOE CORP.,<br><br>                    Defendant. | 2:15-cv-01774-RCJ-VCF<br><br>**ORDER** |

This case arises out of competing patents for lens-protection technology.  Plaintiff has asked the Court to overturn an order of the Magistrate Judge granting Defendant's motion for a protective order.

**I.      FACTS AND PROCEDURAL HISTORY**

Since 1999, Plaintiff Racing Optics, Inc., through its founders Stephen, Bart, and Seth Wilson (collectively, "the Inventors"), has developed and delivered lens-protection systems, including "tear-off" protectors for high-speed racing consisting of stacks of optically engineered laminated lenses applied to race car windshields, motorcycle goggles, and racing helmet visors. (Compl. ¶ 2, ECF No. 1).  Once damaged, the top layer of the lens can be torn off to reveal a new, undamaged layer, providing a clear view. (*Id.*).  The technology is also used in the medical, military, consumer, and industrial fields. (*Id.* ¶ 3).  Most importantly here, Racing Optics

developed a "bubble-free" screen protector that avoids difficult-to-remove air bubbles created when applying conventional screen protectors by eliminating the full adhesive in the central area of the screen and spacing the protector away from the screen with an "air bearing." (*Id.* ¶ 5).

Racing Optics filed U.S. Patent Application No. 12/780,443 for the bubble-free screen protector technology, titled "Touch Screen Shield," on May 14, 2010. (*Id.* ¶ 6). In mid-2012, after the '443 Application had been published but while it was still pending, Defendant Aevoe Corp.'s President and Executive Director Jon Lin contacted Racing Optics and informed it that Aevoe was the assignee of U.S. Patent No. 8,044,942 for a bubble-free screen protector invented by Lin. (*Id.* ¶ 6–8). The '942 Patent claimed priority to a January 18, 2011 provisional application. (*Id.* ¶ 8). By 2013, Aevoe had filed five patent infringement actions based on the '942 Patent, including three in this District presided over by Chief Judge Navarro. (*Id.* ¶ 8 & n.1). On March 15, 2013, Racing Optics filed a divisional application of the still-pending '443 Application, U.S. Patent Application No. 13/838,311, also titled "Touch Screen Shield." (*See* U.S. Patent No. 8,974,620, at [21, 22, 62], ECF No. 1-3). On January 16, 2015, Racing Optics filed a continuation application of the still-pending '311 Application (itself a divisional application of the still-pending '443 Application), U.S. Patent Application No. 14/599,176, also titled "Touch Screen Shield." (*See* U.S. Patent No. 9,104,256, at [21, 22, 60], ECF No. 1-2). The '311 Application issued as the '620 Patent on March 10, 2015. The '176 Application issued as the '256 Patent on August 11, 2015. The '443 Application issued as the '545 Patent on September 8, 2015.

In summary, Racing Optics is the assignee of U.S. Patents No. 8,974,620; 9,104,256; and 9,128,545 (collectively, "the Patents"), which issued on March 10, 2015; August 11, 2015; and September 8, 2015, respectively. (*Id.* ¶¶ 23–28). Racing Optics sued Aevoe in this Court for

direct, contributory, and inducement infringement of claims 12, 14–16, and 18–20 of the '545 Patent; claims 1–4, 6–7, 9–17, and 19–23 of the '256 Patent; and claims 1–11 and 13–14 of the '620 Patent via the production, use, offer for sale, and/or importation into the United States of screen protectors for electronic devices, including the iVisor AG, iVisor XT, and iVisor Glass (collectively, "the Accused Products"). (*Id.* ¶¶ 30, 42, 53).  Aevoe answered and filed counterclaims for non-infringement, invalidity, and unenforceability due to fraud upon or inequitable conduct before the Patent Office.  Racing Optics amended to add a claim of infringement of U.S. Patent No. 9,274,625, which issued on March 1, 2016.  Aevoe moved for judgment on the pleadings against the claim for infringement of the '620 Patent, arguing that the invention(s) therein or the application relating thereto had been abandoned.  The Court denied the motion.  Racing Optics has asked the Court to overturn the Magistrate Judge's order granting Aevoe a protective order against certain discovery.

## II.     LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a).  Rule 72(a) institutes an abuse-of-discretion-type standard.  *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are

supported by the record.  Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.")).

### III.   ANALYSIS

On April 20, 2016, the Magistrate Judge granted in part and denied in part Racing Optics' motion to compel the production of certain documents.  Specifically, the Magistrate Judge sustained Aevoe's objections to Racing Optics' Requests for Production Nos. 25–27 ("the RPF").  The RFP concerned any documents produced by Aevoe in previous litigation concerning the '942 Patent.  The Magistrate Judge noted that the RFP were improper "piggyback" requests.  Racing Optics did not ask the undersigned to overturn that ruling but later included similar requests in a subpoena to Buchanan, Ingersoll & Rooney ("BIR").  On July 28, 2016, the Magistrate Judge granted Aevoe's motion for a protective order against the discovery, citing his previous order sustaining Aevoe's objections to the RFP.  The Magistrate Judge noted that the fourteen document requests submitted to BIR were essentially the same impermissible "piggyback" requests as the RFP, because taken together they sought every document produced or generated in a particular previous case (*Aevoe Corp. v. AE Tech Co., Ltd.*, No. 12-cv-53-GMN-NJK, i.e., "the Prior Action") concerning the '942 Patent.  The Magistrate Judge also found that the information from the previous action was simply not relevant to the present action.

Racing Optics has asked the Court to overturn the July 28, 2016 ruling as being in clear error or contrary to law under Rule 72(a).  Racing Optics argues that certain documents concerning technical specifications of the accused products in the Prior Action and an expert report concerning a reasonable royalty analysis are relevant to the present case.  But those are not

the only documents Racing Optics demanded of BIR.  Racing Optics sought broad categories of documents from BIR, and it does not matter what Racing Optics now claims it was prepared to accept in lieu of the full range of documents demanded via the subpoena.  The subpoena demands the broad range of documents as explained by the Magistrate Judge:

> 1. DOCUMENTS produced by AEVOE during the AEVOE V. AE TECH LITIGATION that would assist in understanding the design, research, development, operation, manufacture, marketing, testing, sale, demonstration and/or installation of the ACCUSED PRODUCTS, or any products marketed under similar product names.
>
> 2. Deposition transcripts and exhibits accompanying depositions of AEVOE or third parties during the AEVOE V. AE TECH LITIGATION discussing or attempting to discuss the design, research, development, operation, manufacture, marketing, testing, sale, demonstration and/or installation of the ACCUSED PRODUCTS, or any products marketed under similar product names.
>
> 3. DOCUMENTS produced by AEVOE during the AEVOE V. AE TECH LITIGATION that would assist in understanding the corporate structure of AEVOE.
>
> 4. Deposition transcripts and exhibits accompanying depositions of AEVOE or third parties during the AEVOE V. AE TECH LITIGATION discussing or attempting to discuss the corporate structure of AEVOE.
>
> 5. DOCUMENTS produced by AEVOE during the AEVOE V. AE TECH LITIGATION that would assist in understanding AEVOE's manufacturers, third party distributors, or other companies AEVOE contracts with related to the development, design, production, manufacturing and/or supply of the ACCUSED PRODUCTS, or any products marketed under similar product names.
>
> 6. Deposition transcripts and exhibits accompanying depositions of AEVOE or third parties during the AEVOE V. AE TECH LITIGATION discussing or attempting to discuss AEVOE's manufacturers, third party distributors, or other companies AEVOE contracts with related to the development, design, production, manufacturing and/or supply of the ACCUSED PRODUCTS, or any products marketed under similar product names.
>
> 7. DOCUMENTS produced by YOU or AEVOE during the AEVOE V. AE TECH LITIGATION that would assist in understanding AEVOE's knowledge of the ASSERTED PATENTS and/or the patent applications that were eventually granted as the ASSERTED PATENTS.

    8. Deposition transcripts and exhibits accompanying depositions of AEVOE during the AEVOE V. AE TECH LITIGATION discussing or attempting to discuss the ASSERTED PATENTS and/or the patent applications that were eventually granted as the ASSERTED PATENTS.

    9. DOCUMENTS produced by YOU or AEVOE during the AEVOE V. AE TECH LITIGATION discussing Racing Optics, Inc. or its products.

    10. Deposition transcripts and exhibits accompanying depositions of AEVOE during the AEVOE V. AE TECH LITIGATION discussing or attempting to discuss Racing Optics, Inc. or its products.

    11. DOCUMENTS produced by AEVOE during the AEVOE V. AE TECH LITIGATION related to reasonable royalties appropriate for infringement of the '942 PATENT, including but not limited to expert reports.

    12. Deposition transcripts and exhibits accompanying depositions YOU took of AEVOE during the AEVOE V. AE TECH LITIGATION discussing or attempting to discuss reasonable royalties appropriate for infringement of the '942 PATENT.

    13. DOCUMENTS produced by AEVOE during the AEVOE V. AE TECH LITIGATION related to remedies appropriate for the infringement of the '942 PATENT, including injunction, damages, fees, including, but not limited to expert reports.

    14. Deposition transcripts and exhibits accompanying depositions of AEVOE during the AEVOE V. AE TECH LITIGATION discussing or attempting to discuss remedies appropriate for the infringement of the '942 PATENT, including injunction, damages, fees.

(Subpoena, ECF No. 89-1, at 10–12). The Court does not find the Magistrate Judge's ruling to have been in clear error or contrary to law.

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for District Judge to Reconsider Order (ECF No. 150) is DENIED.

IT IS SO ORDERED.

]DATED: This 16th day of September, 2016.

_____
ROBERT C. JONES
United States District Judge